UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH ROSELLINI,

                Plaintiff,

-against-

SEAN H. LANE, in his individual and official capacity,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/21/2020

20-CV-5434 (NSR)

ORDER OF DISMISSAL

NELSON STEPHEN ROMÁN, United States District Judge:

    Plaintiff, an attorney appearing *pro se,* brings this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[1] alleging that Defendant, a Judge in the United States Bankruptcy Court for the Southern District of New York, violated his rights. Plaintiff paid the filing fees to initiate this action. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fees, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Moreover, the court "has the power to dismiss a complaint sua sponte for failure to state a claim," *Leonhard v. United States,* 633 F.2d 599, 609 n.11 (2d

---

[1] "[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983]." See *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009); *Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed § 1983 claims brought against federal employee as arising under *Bivens*).

Cir. 1980), so long as the plaintiff is given notice and "an opportunity to be heard." *Thomas v. Scully,* 943 F.2d 259, 260 (2d Cir.1991) (*per curiam*); *see also Perez v. Ortiz,* 849 F.2d 793, 797 (2d Cir. 1988); Wright & Miller, *Federal Practice and Procedure* § 1357, at 301 & n. 3. The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Because Plaintiff is an attorney, however, he is not entitled to the special solicitude usually granted to *pro se* litigants, *see Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[A] lawyer representing himself ordinarily receives no such solicitude at all.").

## BACKGROUND

Plaintiff Kenneth J. Rossellini, an attorney with a practice in New Jersey, brings this action, alleging that Defendant Sean H. Lane, a Judge in the United States Bankruptcy Court for the Southern District of New York, violated Plaintiff's rights during the course of a bankruptcy proceeding, *In re Dennis Scanlon*, No. 19-23120 (SHL). Plaintiff alleges that Defendant has "acted without jurisdiction, abused his authority, and violated Plaintiff's First and Fifth Amendments to the Constitution for [sic] the United States of America," and that Judge Lane's "conduct from the bench is unbecoming a judge, and serves no legitimate bankruptcy purpose." (ECF No. 1 at ¶¶ 47, 48.) Plaintiff seeks monetary damages and injunctive relief.

## DISCUSSION

Plaintiff's claims against Judge Sean H. Lane must be dismissed. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d

204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). In addition, as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when the judge acts "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff's claims against Judge Sean H. Lane arise of out of his rulings and actions while presiding over *In re Dennis Scanlon*, No. 19-23120 (SHL), in the United States Bankruptcy Court for the Southern District of New York; such rulings and actions were within the scope of his judicial capacity and jurisdiction. The Court therefore dismisses Plaintiff's claims against Judge Sean H. Lane under the doctrine of judicial immunity and as frivolous.[2]

---

[2] A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"). Additionally, "a complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Neitzke*, 490 U.S.at 327).

## CONCLUSION

The Clerk of Court is directed to mail a copy to Plaintiff and note service on the docket.

Plaintiff's complaint is dismissed as barred by judicial immunity and as frivolous.

Plaintiff's request for injunctive relief is denied as moot.

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   July 21, 2020
         White Plains, New York

_____
NELSON STEPHEN ROMÁN
United States District Judge